| | |
|---|---|
| **MICHAEL C. WORSHAM** <br> 1916 Cosner Road, Forest Hill, MD 21050 <br><br> *Plaintiff* <br><br> v. <br><br> **ACCOUNTS RECEIVABLE MANAGEMENT, INC.** <br> 155 Mid Atlantic Parkway <br> Thorofare, NJ 08086 <br><br> Serve on: Stuart R. Blatt <br> 110 West Road, Suite 222 <br> Towson, MD 21204 <br><br> *Defendant* | IN THE CIRCUIT COURT <br><br> FOR HARFORD COUNTY, MARYLAND <br><br><br> Case #: 12-C-10- 1992 <br><br><br> CCB 10 CV 3051 |

## COMPLAINT AND JURY TRIAL DEMAND

This suit concerns a collection agency that uses automated dialing equipment to repeatedly call to repeatedly call the wrong persons (Plaintiff and at least one other) who do not even allegedly owe a debt, as part of an effort to harass the person who may actually be indebted, into paying, and did so even after being advised that they were calling the wrong person.

Plaintiffs seek recovery of actual damages, statutory damages, costs, and potentially attorneys fees, from Defendant for violations of the federal Fair Debt Collection Practices Act, (FDCPA),15 U.S.C. § 1692, the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act, Maryland Ann. Code, Commercial Law Article (CL) § 14-1402-03, and common law invasion of privacy.

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 15 U.S.C. § 1692k(d) (FDCPA) and 47 U.S.C. § 227 (TCPA).
2. Venue is proper in this Court because the suit is based on Defendants' acts that took place in the County, including a suit filed against Plaintiff by Activus, and all Defendants' regular business activities in this County.

## PARTIES

3. Plaintiff **Michael C. Worsham** is an individual male who lived at all times relevant to this suit at his home in Forest Hill, Maryland.

4. Defendant **Accounts Receivable Management, Inc.** (ARM) is a debt collector, with its primary office at 155 Mid Atlantic Parkway, Thorofare, NJ 08086, and which regularly collects consumer debts against consumers throughout the U.S.

5. Defendant is a "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and was attempting to collect a consumer "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

## FACTS ALLEGED

### Automated prerecorded calls to Plaintiff staring May 2010

6. Starting May 15, 2010 Defendant initiated and called the same number of Plaintiff's using an automated telephone dialing system and prerecorded voice messages as follows:

    | | | | |
    |---|---|---|---|
    | Call 1 | 9:23 AM | May 15, 2010 | 866-932-6777 (number on Caller ID) |
    | Call 2 | 9:13 AM | May 19, 2010 | 866-932-6777 |
    | Call 3 | 4:12 AM | May 21, 2010 | 866-932-6777 |
    | Call 4 | 9:10 AM | May 22, 2010 | 866-932-6777 |
    | Call 5 | 9:47 AM | May 24, 2010 | 866-932-6777 |
    | Call 6 | 5:29 PM | May 24, 2010 | 866-932-6777 |
    | Call 7 | 10:09 AM | May 25, 2010 | 866-932-6777 |
    | Call 8 | 9:13 AM | May 26, 2010 | 866-932-6777 |
    | Call 9 | 9:23 AM | May 27, 2010 | 866-932-6777 |
    | Call 10 | 9:19 AM | May 29, 2010 | 866-932-6777 |

7. Defendant may also have called Plaintiff on April 27, 2010 from a slightly different number, 866-732-6786, at 5:47 PM, but left no message on Plaintiff's voice mail.

8. Plaintiff's number that Defendant called is subscribed to as a residential number, is located in Plaintiff's home, and has been on the national do not call list registry for several years.

9. Defendant's pre-recorded calls are all in a woman's voice, who is not identified by name.

10. Defendant's calls all asked for someone named "Martha."

11. Defendants pre-recorded calls do not identify Defendant, and state that the call is an important call for "Martha".

12. Defendant's calls do not give the phone number.

13. The number 866-932-6777 appears on Plaintiff's caller ID for every call transmitted.

14. Several of Defendant's calls woke Plaintiff up, especially the calls on May 15, May 22, and May 29, 2010, which were all on a Saturday weekend day, early in the morning. These calls were especially annoying, as Plaintiff stays up very late into the morning hours every night, and was asleep when the Saturday calls were made by Defendant.

15. During the call on May 27, 2010, Plaintiff pressed the '2' option to select the choice that I am not "Martha," but even after pressing "2" the prerecorded woman's voice then gave me still more prompts and options, and I hung up a few seconds later without pressing any more options. Nonetheless I received yet another call waking me up on Saturday May 29, 2010.

16. Defendant's calls which Plaintiff either did not answer, or was not home for, did not leave a message on Plaintiff's voice mail.

17. Plaintiff has used Verizon voice mail during all the time all calls were made, and this voice mail was working to receive any message Defendant would have left.

18. Plaintiff did not provide any information to Defendant at any time, other than pressing the "2" option to advise that he is not "Martha."

19. No person named Martha has ever lived at or been in or at Plaintiff's home.

20. Defendant's repeated calls, at early morning hours, and twice per day, to a person who is not even alleged to owe the debt, are unreasonable, annoying, harassing, and an invasion of Plaintiff's privacy.

21. Defendant's calls to a residential phone line which is on the national do not call list

registry are unreasonable, annoying and harassing and an invasion of privacy.

22. Defendant knew or should have known that by calling on three separate weekend mornings that it would call when Plaintiff could reasonably be expected to be asleep.

23. Defendant was not calling Plaintiff for any contact information for "Martha," because it already not already knew the contact information for "Martha," but had already contacted and spoken with "Martha" prior to calling Plaintiff, and did not need to contact Plaintiff for any contact information.

24. Defendant did not contact Plaintiff for the purpose of acquiring location information about "Martha," but instead, was really calling Plaintiff in order to help put pressure directly or indirectly on "Martha" into paying a debt, by trying to get Plaintiff to contact Martha.

25. Defendant also called Plaintiff's brother in Maryland with the same prerecorded calls also asking for "Martha" and failing to provide the required disclosures, as part of a pattern and practice of deceptive and harassing conduct to pressure payment of a consumer debt

26. Defendant intentionally and knowingly choose to make the prerecorded calls to Plaintiff in the manner, at the times, and in the frequency in which they were made.

27. Defendant had the opportunity to, but intentionally and knowingly choose not to leave a message with Plaintiff's voice mail.

28. Defendant was aware of both the FDCPA and TCPA when creating and preparing the content of the prerecorded message delivered to Plaintiff, including the various prompts, questions and options within the prerecorded message.

29. Defendant knew that it would not be able to comply with all laws applicable to prerecorded calls, but willfully and knowingly choose to call anyway.

30. Defendant's owner or President knew of and approved the policies and procedures that resulted in the conduct alleged herein.

31. On information and belief, Defendant is a member of collection industry associations, and its resident agent is a past president of the National Association of Retail Collection Attorneys, so that Defendant is well aware of all laws applicable to collection and calling.

### Damages

32. Plaintiff lives at the home and phone number where Defendant called, and was annoyed repeatedly by the collection calls that were (1) automated, prerecorded and impersonal, (2) not even for him or about a debt he even allegedly owed, (3) made illegally, (4) made early in the morning when Plaintiff was sleeping, (5) made on the weekends, (6) still made on the weekend even after Plaintiff pressed the '2' option to advise he is not "Martha."

33. Plaintiff was forced to spend time contacting other persons to try to find out why he was being repeatedly called on the morning and on the weekends.

34. As a result of Defendant's actions, Plaintiff suffered damages, including being woken up on his weekends, annoyance and stress at the repeated calls, having to spend time trying to figure out what this was about and who was calling, and statutory damages.

35. Plaintiff continues to suffer damages while the calls continue to be made.

### COUNTS 1-4 Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

Plaintiff incorporates herein for all the following Counts the paragraphs above, and alleges that the Defendant collector violated the following FDCPA provisions:

36. **COUNT 1:** 15 U.S.C. § 1692b(3). Defendant communicated with a person more than once without being requested to do so by the person. Defendant violated this section 9 times in calls 2 through 10.

37. **COUNT 2:** 15 U.S.C. § 1692c(b). Defendant communicated in connection with the collection of a debt with the Plaintiff, who is a person other than the consumer, their attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Defendant violated this section 10 times in calls 1 through 10.

38. <u>COUNT 3:</u> 15 U.S.C. § 1692d(6). Defendant placed telephone calls without meaningful disclosure of the caller's identity during the calls to Plaintiff. Defendant violated this section 10 times in calls 1 through 10.

39. <u>COUNT 4:</u> 15 U.S.C. § 1692e and 1692e(10). Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt, or attempted collection of a debt or to obtain information concerning a consumer, by calling Plaintiff and pretending to seek information about "Martha" but which Defendant actually already had in its possession. Defendant violated this section 10 times in calls 1 through 10.

## COUNTS 5-7 - Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227

40. <u>COUNT 5</u>: Defendant's calls violate 47 C.F.R. § 64.1200(b)(1), which requires that all prerecorded telephone messages must "(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

41. <u>COUNT 6</u>: Defendant's calls violate 47 C.F.R. § 64.1200(b)(2), which requires that all prerecorded telephone messages must "(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual."

42. <u>COUNT 7</u>: Pursuant to 47 U.S.C. § 227(b)(3) Plaintiff requests injunctive relief prohibiting Defendant or its agents from calling in violation of the TCPA or FCC regulations.

## COUNTS 8-9 - Maryland TCPA, Maryland Commercial Law Article (CL) § 14-3201-3202

43. <u>COUNTS 8-9</u>: Defendant's violation in Counts #5 and #6 above also violates the Maryland TCPA, Maryland Annotated Code, Commercial Law Art. § 14-3201-02, which prohibits a person from violating the federal TCPA, 47 U.S.C. § 227, as implemented by the FCC regulations at 47 C.F.R. Part 64, Subpart L.

## COUNT 10 - Invasion of Privacy by intrusion into seclusion

44. Defendant invaded Plaintiff's privacy by repeatedly calling Plaintiff at his residential home, to Plaintiff's residential number that was on the national do not call list, using automated and prerecorded messages, for a debt that was not even allegedly Plaintiffs, by calling early in the morning, and by calling on three separate weekend mornings when Plaintiff could reasonably be expected to be asleep and was in fact asleep.

45. Defendant's conduct, as described herein, constitutes an intentional intrusion into the private place or affairs of Plaintiff.

46. Defendant's intrusion(s) would be highly offensive to a reasonable person.

47. Defendant intended to harass and annoy and inconvenience Plaintiff in order to directly or indirectly pressure "Martha" to pay a debt, and did so with malice.

48. Plaintiff suffered actual damages as a result of Defendant's invasion, including its acts and/or failures to act.

49. Defendant's conduct was an unlawful and actionable invasion of Plaintiff's privacy, and has damaged Plaintiff, entitling Plaintiff to an award of damages, both compensatory and punitive.

## RELIEF SOUGHT

### FDCPA

50. Plaintiff incorporates all previous paragraphs as if fully stated herein, and demands:

    (1) actual damages for each separate violation of the FDCPA in each of Counts 1-4, pursuant to 15 U.S.C. § 1692k(a)(1);

    (2) statutory damages of $1,000 for each separate violation of the FDCPA in each of Counts 1-4, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (3) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

### Telephone Consumer Protection Act (TCPA)

    (4) $1,500 statutory damages for each willful or knowing violation of the TCPA, for each of the 10 calls, or $15,000 in statutory damages, for each of Counts 5 and 6;

### Maryland Telephone Consumer Protection Act (TCPA)

    (5) $500 statutory damages for each violation of the TCPA, for each call, or $5,000 in statutory damages, for each of Counts 8 and 9.

    (6) such other relief as the Court deems just and equitable, including correction of and enjoining Defendants' unlawful and unfair collection and credit reporting practices.

### Invasion of Privacy

100. Plaintiff's seek actual damages proximately caused by each Defendant's invasion of Plaintiff' privacy, and punitive damages, as determined by the jury.

101. Plaintiff seeks additional statutory and actual damages as described above, if the April 27, 2010 from the number 866-732-6786 at 5:47 PM was also made by Defendant

WHEREFORE Plaintiff seeks $4,000 in FDCPA statutory damages, FDCPA actual damages to be determined by a jury, $30,000 in TCPA statutory damages, $10,000 in Maryland TCPA statutory damages, actual and punitive damages for invasion of privacy to be determined by a jury, TCPA injunctive relief, reasonable attorneys fees as applicable, costs, for such other appropriate relief.

## REQUEST FOR JURY TRIAL

The Plaintiffs request a jury trial for all such issues triable to a jury.

Respectfully Submitted,

*Michael C. Worsham*

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192

*Plaintiff*

June 1, 2010