**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| MICHAEL C. WORSHAM, | * |   |
| Plaintiff | * |   |
| v. | * | CIVIL NO. JKB-10-3051 |
| ACCT. RECEIVABLES MGMT., INC., | * |   |
| Defendant | * |   |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Background*

Michael C. Worsham *pro se* filed in Harford County, Maryland, Circuit Court a complaint against Account Receivables Management, Incorporated ("ARM"), alleging violations of the federal Fair Debt Collection and Practices Act ('FDCPA"), the federal Telephone Consumer Protection Act ("TCPA"), the Maryland Telephone Consumer Protection Act ("MTCPA"), and invasion of privacy. (Compl., ECF No. 2.) ARM removed the case to this Court (ECF No. 2) and discovery has now concluded. The parties have filed cross-motions for summary judgment (ECF Nos. 34 & 36), Worsham has filed a motion to compel responses by ARM to his requests for admission (ECF No. 35), and ARM has filed a motion to exclude evidence under federal discovery rules (ECF No. 45). The motions have been briefed (ECF Nos. 36-39, 42, 45-47), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). The discovery motions will be addressed first.

## II. *Motion to Exclude Evidence*

ARM has filed a motion to exclude evidence under Federal Rule of Civil Procedure 37(c)(1), claiming that two affidavits used by Worsham to support his motion for summary judgment were not disclosed to ARM before the discovery deadline. (ECF No. 45.) The rule provides, in part, as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In turn, Rule 26(a) requires a party to provide to the other party

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

And Rule 26(e) requires a party to supplement or correct any disclosure under Rule 26(a) or in an interrogatory, request for production, or request for admission

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

In the present case, the two affidavits did not come into being until mid-September 2011, immediately before Worsham filed his reply to ARM's opposition to his motion for summary judgment. (ECF No. 38.) As a result, they clearly do not fit into the definition of items Worsham was required to disclose pursuant to Rule 26(a) or (e). Moreover, the affidavits were given by individuals whom Worsham had properly identified in his answers to ARM's interrogatories as persons likely to have discoverable information. (Def.'s Opp., Ex. E, ECF No. 36.) For these reasons, none of the cases cited by ARM in its motion as support for exclusion of the affidavits is factually apposite. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321

(4th Cir. 2011); *Main St. Am. Group v. Sears, Roebuck, and Co.*, Civ. No. JFM-08-3292, 2010 WL 956178 (D. Md. Mar. 11, 2011). *See also Dynegy Mktg. and Trade v. Multiut Corp.*, 648 F.3d 506 (7th Cir. 2011); *Alward v. Vail Resorts*, No. 1:04-CV-00860-WDM-PA, 2006 WL 894958 (D. Colo. Mar. 31, 2006). ARM's motion to exclude will be denied insofar as it concerns these two affidavits.

However, ARM has raised an additional point of evidence that it believes should be excluded, and that is "[a]ny testimony or evidence related to the voice message allegedly left on May 7, 2010 on Paul C. Worsham's voicemail." (Def.'s Mot. Exclude at 1.) Paul Worsham is Plaintiff Worsham's brother. Allegedly, Paul Worsham received a telephone call from ARM in connection with the underlying debt in this case, and a voice message was left on his voice mail; subsequently, Paul Worsham gave "a true copy" of the recording to Plaintiff Worsham (Paul Worsham Aff. ¶ 5), who has provided the Court with a copy as an exhibit to Worsham's reply in support of his motion for summary judgment (ECF No. 38). The Court fails to see how Paul Worsham's separate experience of a recorded telephone message from ARM proves that the telephone calls ARM allegedly made to Plaintiff Worsham violated the FDCPA when Plaintiff has provided no evidence those telephone calls resulted in a recorded message or that the recorded message on Paul Worsham's telephone was even the same as the message heard by Plaintiff. Moreover, this evidence existed at least as early as May 7, 2010, according to Paul Worsham's affidavit. Worsham has not offered any explanation why he did not disclose this recording in the ordinary course of discovery. ARM's motion to exclude will be granted insofar as it relates to this recording or its substance. This ruling extends to any reference to the contents of the recording to the extent they are reflected in the affidavit of Paul Worsham.

### III. Motion to Compel

Worsham asks this Court to compel ARM to admit as facts the assertions propounded by Worsham to ARM in his requests for admissions. This motion will be denied as moot in light of the ruling made on the cross-motions for summary judgment.

## IV. Cross-motions for Summary Judgment

### A. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

### B. Fair Debt Collection Practices Act – Counts One through Four

4

*1. Count One – 15 U.S.C. § 1692b(3)*

In the first count, Worsham alleges ARM violated 15 U.S.C. § 1692b(3) when it "communicated with a person more than once without being requested to do so by the person." (Compl. ¶ 36, ECF No. 2.) He alleges this occurred nine times in telephone calls.[1] Section 1692b(3) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

Assuming without deciding that the nine telephone calls constituted "communications" within the meaning of the FDCPA, the Court must decide whether any evidence shows ARM was requested by Worsham to communicate with him or whether ARM reasonably believed that an earlier response of Worsham was erroneous or incomplete and that Worsham had correct or complete location information for Martha Bucheli. Worsham stated in his affidavit that he never gave his permission or consent for ARM to call him. (Pl.'s Mot., Ex. 2, ¶ 6.) ARM has not disputed Worsham's statement regarding the lack of request by him for ARM to contact him.

ARM has presented evidence, however, that would support a reasonable belief as to whether an earlier response by Worsham to ARM's telephone calls was incomplete. Testifying for ARM at a deposition, Thomas Novak III, ARM's in-house counsel, stated that the prerecorded message says, "[T]his is a call for Martha. If this is Martha please press one. If this is not Martha, please press two." (Novak Dep. 38:19-22.) Novak further testified that if the person answering the call presses "two," then the call is transferred to a live agent. (*Id.* 41:12-13.) Records showed that someone at Worsham's number pressed "two" and then hung

---

[1] A total of ten telephone calls are the subject of the lawsuit. The first call is, apparently, not at issue in Count One.

up for the telephone call on May 22, 2010. (*Id.* 90:14-21; 91:5-9, 18-20.) Worsham did not dispute this.

Simply pressing "two" and hanging up does not tell the caller whether "Martha" is reachable at the number; it only informs the caller that "Martha" was not the one who answered. (*See id.* 123:22—124:20.) Thus, it would be reasonable to consider Worsham's response as incomplete since he hung up without speaking to a live caller, and under section 1692b(3), it would be permissible for ARM to have called his number again. None of the other telephone calls to his number generated a response that would counteract such a conclusion. And as ARM's representative noted in his deposition, no one ever told ARM that Worsham's number was a wrong number for trying to reach Martha Bucheli until the company received the instant lawsuit. (Novak Dep. 117:18-21.) Indeed, it appears that only two of the ten total telephone calls to Worsham were answered. The rest, as unanswered telephone calls, can hardly be considered "communications" under the FDCPA. *See Wilfong v. Persolve, LLC*, Civ. No. 10-3083, 2011 U.S. Dist. LEXIS 71068, at *10 (D. Or. Jun. 2, 2011) (holding unanswered telephone calls are not communications under FDCPA), *report and recommendation adopted by district court*, 2011 U.S. Dist. LEXIS 71078 (D. Or. Jun. 30, 2011).

Accordingly, summary judgment in ARM's favor on Count One is appropriate.

### 2. Count Two – 15 U.S.C. § 1692c(b)

In the second count, Worsham alleges ARM "communicated in connection with the collection of a debt with the Plaintiff" in violation of 15 U.S.C. 1692c(b). That section provides:

> *Except as provided in section 1692b of this title*, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6

(Emphasis added.)

ARM has provided no evidence that its attempts to reach Worsham were done with the consent of the debtor, i.e., Martha Bucheli, with a court's express permission, or to effectuate a postjudgment judicial remedy. ARM's proposition regarding consent of the debtor is faulty. As its corporate representative explained it in his deposition, ARM believes that, if a debtor does not contact ARM in response to a letter from ARM to the debtor about the debt, then the debtor authorizes ARM to try to locate him or her at another telephone number. (Novak Dep. 102:16—103:9.) The Court does not agree that a lack of response to a letter in this circumstance constitutes authorization to attempt contact with the debtor at other telephone numbers. That is not to say that ARM may not reasonably believe a debtor may be reachable at more than one telephone number. In a case where the debt collector has such a reasonable belief, ARM may justifiably attempt contact by calling other numbers where the debt collector believes the debtor may be reached, as long as doing so otherwise accords with the laws relating to debt collection practices. But ARM did not have the debtor's prior consent to contact Worsham. Thus, under this subsection, the only way ARM could communicate with Worsham about his sister-in-law's debt is as provided in section 1692b, pertaining to the acquisition of location information.

The reason ARM called Worsham's telephone number was it was attempting to locate Martha Bucheli. (Def.'s Opp. Ex. B, Novak Dep. 85:16-19, May 9, 2011.) Worsham has provided no evidence to dispute that was ARM's reason for calling. The Court has previously found ARM's contacts pursuant to section 1692b were permissible. Thus, summary judgment for ARM on Count Two shall be granted.

   3.  ***Count Three – 15 U.S.C. § 1692d(6)***

In the third count, Worsham alleges ARM "placed telephone calls without meaningful disclosure of the caller's identity during the calls to Plaintiff." (Compl. ¶ 38.) The statute provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (6) *Except as provided in section 1692b of this title*, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d (emphasis added).

As earlier noted, ARM's purpose in calling Worsham was to acquire location information about his sister-in-law, a permissible purpose under section 1692b. Since that permissible purpose is an exception under section 1692d(6), no violation of the latter section occurred. Summary judgment will be granted to ARM on Count Three.

### 4.   *Count Four – 15 U.S.C. § 1692e*

Worsham's last claimed violation of the FDCPA alleges ARM used a false, deceptive, or misleading representation or means by calling him and "pretending to seek information about 'Martha' but which Defendant actually already had in its possession." (Compl. ¶ 39.) The statute in question provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

8

It is difficult to follow Worsham's argument. He asserts ARM had the correct address for his sister-in-law and "no reason at all to be calling" him. As earlier noted, ARM did not receive a response from Bucheli and resorted to an attempt to acquire location information for her; that was the reason it called Worsham. Nothing about ARM's attempt strikes the Court as being deceptive, and Worsham has provided no evidence that ARM called his number as a pretense to seek information about his sister-in-law. Accordingly, summary judgment will be granted for ARM on Count Four.

   *C. Telephone Consumer Protection Act – Counts Five through Seven*

The Telephone Consumer Protection Act of 1991 ("TCPA"), codified in 47 U.S.C. § 227, was passed in response to numerous complaints from both consumers and businesses about telemarketing calls, i.e., calls to market goods and services. Pub. L. 102-243, § 2. The Federal Communications Commission, charged with the responsibility of implementing regulations to support the TCPA, has also issued documents clarifying those regulations set forth in 47 C.F.R. § 64.1200. In a memorandum opinion and order, the FCC emphasized that debt collection calls fit within an exemption to the TCPA's prohibition on prerecorded messages for calls that do not adversely affect the privacy rights that statutory section 227(b) is intended to protect and do not include the transmission of any unsolicited advertisement. 10 FCC Rcd. 12391, ¶ 16 (Aug. 7, 1995). *See* 47 C.F.R. § 64.1200(a)(2)(iii) (exemption from prohibition for calls made for commercial purpose but not including unsolicited advertisement or constituting telephone solicitation); *see also Anderson v. AFNI, Inc.*, Civ. No. 10-4064, 2011 WL 1808779, at *12 (E.D. Pa. May 11, 2011) (applying § 64.1200(a)(2)(iii) exemption to calls to nondebtors made purely for purpose of debt collection). Worsham offers no evidence that the calls placed by ARM to his telephone number included the transmission of an unsolicited advertisement. ARM's motion for summary judgment will be granted as to Counts Five through Seven.

### D. *Maryland Telephone Consumer Protection Act – Counts Eight through Nine*

Maryland's TCPA statute merely provides that a person may not violate the federal TCPA. Since the preceding discussion about the inapplicability of the federal TCPA to Worsham's case results in summary judgment for ARM on the federal TCPA counts, it stands to reason that the same result obtains for Worsham's state TCPA claims.

### E. *Invasion of Privacy – Count Ten*

Last, Worsham asserts a state law tort claim for invasion of privacy by intrusion into seclusion. The minimal argument he makes, with no citation to authority, is unpersuasive. The Maryland standard for this particular tort comes from *Restatement (Second) of Torts* § 652B (1977):

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Bailer v. Erie Ins. Exchange*, 687 A.2d 1375, 1380-81 (Md. 1997).

Although it is clear that Worsham is offended by ARM's telephone calls to him, he has produced no evidence that would allow the Court to conclude that the calls should be considered highly offensive to a reasonable person. The calls were made during normal times of day, and whether Worsham's number was or was not on the national do-not-call list has no bearing on this issue. Summary judgment will be granted to ARM on Count Ten.

*V. Conclusion*

No genuine dispute exists as to any material fact and Defendant ARM is entitled to judgment as a matter of law on all counts. A separate order will be entered accordingly.

DATED this 22nd day of November, 2011.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge